Booth, J.,
delivered the opinion of the court:
The claimant from 1904 to 1906 was serving as an enlisted man in the United States Marine Corps. Between April 15, 1904, and February 15, 1906, while on duty at the Charles-town Navy Yard, Mass., he acted as post barber. The detail as post barber came to claimant through an understanding with Col. H. C. Kelton, United States Marine Corps. The council of administration, acting for the post, had recommended a tax of $10 upon the post barber, to be paid into the post fund, and Col. Kelton, acting upon this recommendation, had expressly informed the claimant that the tax would be imposed. The amount paid by the claimant was no part of his pay as an enlisted marine, nor was it deducted therefrom. The amount was voluntarily paid by the claimant each month and was properly accounted for under the Navy Regulations pertaining to the subject.
The claimant’s detail as post barber not only relieved him from a portion of his military duties, but enabled him to practice his occupation at considerable profit over and above his military pay. He was receiving 50 cents per month from the men in the barracks, 80 cent per month from each prisoner, which, together with his military pay of $14 per month, gave him an unusual privilege. The post or company fund is *199 regulated as appears by section 1040 of the Navy Regulations of 1905, page 225.
The accumulations provided for arise principally from an economical administration of post domestic affairs, voluntary contributions, and an inconsequential tax upon the post trader. This sum is systematically expended in the betterment of post conditions, such as dish towels, powder for destroying objectionable insects, the establishment of an amusement room, etc., the whole matter being under the strict supervision of the proper military authorities. It is a commendable arrangement, tolerated by military authority for the sole benefit of the men in barracks. The United States Treasury receives none of the funds. They are paid out without an appropriation. The auditing thereof is not done at the Treasury, but by the council of administration. The United States is in nowise responsible to officers and enlisted men making contributions to the fund, the transaction being between the persons making the same and the authorities receiving it. The defendants are neither parties to nor privity with the transaction in the sense of legal responsibility to respond in damages for its collection or disbursement.
This court has no jurisdiction in the premises, and the petition is dismissed. It is so ordered.